# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC RHODES, : | |
| : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:18-2066 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| ANDREW M. SAUL[1], : | |
| **Commissioner of Social Security,** : | |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending before the court is the December 30, 2019 report and recommendation of Judge Mehalchick, (Doc. 19), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Mehalchick reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff, Eric Rhodes, has filed

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed.R.Civ.P. 25(d).

objections to Judge Mehalchick's report.[2] (Doc. 20). The Commissioner responded to plaintiff's objections on January 23, 2020. (Doc. 21).

For the following reasons, the report and recommendation is **ADOPTED** and, plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

I.  **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining

---

[2]Plaintiff is represented by counsel in this case. The court notes that since Judge Mehalchick stated the full procedural history of this case in her report and since plaintiff did not object to it, the court will not repeat it herein.

2

judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Recently, the Supreme Court in Biestek v. Berryhill, —U.S.—, 139 S.Ct. 1148, 1154 (2019), stated that "the threshold for [ ] evidentiary sufficiency

3

[substantial-evidence standard] is not high." "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Mehalchick's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Mehalchick's report with respect to his relevant medical history, so it will be adopted. *See*

4

Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, (Doc. 19 at 9-13), and the findings of the Administrative Law Judge ("ALJ") at each step is in the record, (Doc. 11-2 at 15-24), the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III.  DISCUSSION

On August 10, 2015, the plaintiff filed an application for SSI, at age 18, and subsequently amended his alleged onset disability date to August 10, 2015. In an October 2, 2017 decision, the ALJ found that the plaintiff was not disabled since August 10, 2015. (Doc. 11-2 at 14-24). The ALJ found that plaintiff had severe impairments of obsessive compulsive disorder (OCD), autism spectrum disorder, oppositional defiant disorder (ODD), and attention deficit hyperactivity disorder (ADHD). However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. In particular, the ALJ found that plaintiff's mental impairments did not meet or medically equal listings 12.06, 12.08 and 12.11.

The plaintiff raises three objections to the R&R. First, he claims that Judge Mehalchick erred in her report with respect to her finding that the ALJ

properly evaluated the opinion of his treating psychiatrist, Dr. Craig Feaster. Plaintiff also states Judge Mehalchick did not address the ALJ's failure to include limitations in interacting with co-workers or supervisors in her residual functional capacity ("RFC") findings even though she found he had moderate limitations in social functioning. Secondly, plaintiff contends that Judge Mehalchick erred by finding the ALJ properly weighed the testimony of his mother. Lastly, plaintiff objects to Judge Mehalchick's finding that the ALJ properly weighed his testimony.[3]

Initially, the plaintiff contends that Judge Mehalchick erred by finding that substantial evidence supported the ALJ's decision to give some of Dr. Feaster's opinions less weight. The ALJ gave a portion of Dr. Feaster's opinion little weight, and afforded his opinion in his medical source statement partial weight. (Doc. 11-2 at 21 & Doc. 11-9 at 31-33). The court finds that the ALJ properly evaluated Dr. Feaster's opinions and gave them proper weight. (Doc. 11-2 at 21). The ALJ found that some of Dr. Feaster's opinions in his

---

[3]In her report, Judge Mehalchick specified the ALJ's findings which plaintiff challenged in his initial brief as well as her (Judge Mehalchick's) reasoning for finding that substantial evidence supported the ALJ's findings. Plaintiff's instant objections address the same issues he had with the ALJ's decision that were raised in his initial brief. As such, the court does not repeat these discussions herein.

Also, the ALJ's RFC findings are stated in her report and are not repeated herein. (Doc. 11-2 at 18). Suffice to say that the ALJ found plaintiff had the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. The court also notes that under the regulations, the ALJ has the final responsibility in determining a claimant's RFC. 20 C.F.R. §404.1546.

July 2017 narrative report were entitled to less weight because the report did not "provide a specific functional assessment of [plaintiff's] abilities." The ALJ also found Dr. Feaster's report was not consistent with the doctor's assessments of plaintiff's functional abilities that were contianed in his medical source statement and narrative contained in that statement.[4] In his medical source statement, Dr. Feaster's found that plaintiff largely had moderate functional limitations due to his mental impairments. The ALJ found that Dr. Feaster's opinions about plaintiff's moderate limitations were consistent with the fact that plaintiff required only conservative mental health treatment, that his symptoms improved when he took his medications, and that he had no psychiatric hospital admissions. The ALJ also considered that there was no evidence plaintiff had severe problems with cognitive functioning or learning, and that he was able to hold logical conversations and "is able to understand, remember and apply information to perform simple daily tasks." (Doc. 11-2 at 17). The ALJ further considered that plaintiff graduated high school in 2016, and attended college at Penn State obtaining a 2.07 GPA after his first year.

The ALJ also found that plaintiff had limitations in addition to those Dr.

---

[4]Since Dr. Feaster's findings that he made in his medical source statement are stated in the ALJ's decision, they are not repeated herein. (Doc. 11-2 at 21). Additionally, the Third Circuit has long held "forms that 'require[ ] the physician only to check boxes and briefly to fill in blanks ... are weak evidence at best.'" Galette v. Comm'r of Soc. Sec., 708 Fed.Appx. 88, 91 (3d Cir. 2017) (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)).

7

Feaster found, and included these limitations in her RFC findings by stating that "the [plaintiff] can have occasional interaction with the public and is able to perform work that does not involve team or group projects." (Doc. 11-2 at 18). Dr. Feaster's opinions that were substantiated by the record were given greater weight by the ALJ.

The ALJ provided a thorough explanation as to the weight she afforded to Dr. Feaster's opinions, and the ALJ's findings were supported by substantial evidence. *See* Alvarado v. Colvin, 147 F.Supp.3d 297, 308 (E.D.Pa. 2015) ("If the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ explains her reasons and makes a clear record.") (citation omitted). The court also finds that the ALJ provided a sufficient explanation as to why she afforded little weight to some of the opinions of Dr. Feaster. *See* Fullen v. Comm'r of Soc. Sec., 705 Fed.Appx. 121, 125 (3d Cir. 2017) (Third Circuit stated that "Morales v. Apfel requires that 'the ALJ accord treating physicians' reports great weight,' but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record."); Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (the ALJ is required to "consider and evaluate the [relevant] medical evidence in the record" and, to discuss and weigh this evidence).

As such, plaintiff's first objection to the R&R is overruled.

Next, the court finds that the ALJ properly assessed the testimony of plaintiff's mother, Susan Rhodes, and found that it was "generally persuasive",

since it was based on her personal observations of plaintiff but discounted it since it "[did] not provide a specific functional assessment of the [plaintiff's] abilities or medical opinion as to [his] ability to perform simple work." (Doc. 11-2 at 22). As such, the ALJ specifically addressed the testimony of plaintiff's mother in her decision. The ALJ also included some of the limitations in her RFC findings about which plaintiff's mother testified that she found credible and consistent with plaintiff's treatment records. Further, the ALJ found that while plaintiff had some difficulty with focus and attention as his mother stated, it was "not debilitating."

The court finds that the ALJ's assessment of the testimony of plaintiff's mother was supported by substantial evidence, and plaintiff's second objection to the R&R is overruled.

As his third objection, plaintiff contends that the ALJ did not properly evaluate his testimony and erred when she discounted it. "It is well established that an ALJ is required to 'give serious consideration to a claimant's subjective complaints of pain [or other symptoms], even where those complaints are not supported by objective evidence.'" Mayall v. Colvin, 2015 WL 5000726, *6 (E.D.Pa. Aug. 11, 2015) (citing Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993)). "Where medical evidence supports a claimant's complaints, the 'complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence.' However, '[the ALJ] has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible.'" Id. (internal

9

citations).

The ALJ found that plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the medical and other evidence in the record. (Doc. 11-2 at 19). The ALJ then thoroughly explained in her decision the basis for her credibility finding regarding the plaintiff's testimony. (Id. at 19-20). Judge Mehalchick correctly summarizes the ALJ's rationale in her report. (Doc. 19 at 18). She also points out how the ALJ can find a claimant less credible when he fails to adhere to his prescribed treatment such as our plaintiff does when he fails to take his medications, namely, Abilify, Luvoc and Focalin. No doubt that the record revealed that plaintiff had a history of noncompliance with his medications and that when he missed his medications his symptoms exacerbated. However, when plaintiff was compliant with his medications, his symptoms improved and his conditions remained relatively well controlled.

## IV. CONCLUSION

In light of the foregoing, Judge Mehalchick's report and recommendation, (Doc. 19), is **ADOPTED**, and plaintiff's objections, (Doc. 20), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision denying his application for SSI is **AFFIRMED**.

A separate order shall issue.

					s/ *Malachy E. Mannion*
					**MALACHY E. MANNION**
					**United States District Judge**

**Dated: February 13, 2020**

18-2066-01.wpd